IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA J. CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 19-1129-KD-MU |
| | ) | |
| EEOC HEADQUARTERS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss and Brief in Support filed by Defendant United States Equal Employment Opportunity Commission ("EEOC"). (Doc. 5). Although Plaintiff was given an opportunity to file a response in opposition to the motion to dismiss, she has failed to do so. (Doc. 6). For the reasons stated herein, it is recommended that Defendant's motion be granted and that Plaintiff's complaint be dismissed with prejudice. [1]

## Plaintiff's Claim

On December 26, 2019, Plaintiff, proceeding *pro se*, filed this action against the "EEOC Headquarters" alleging Ms. Price, an employee of the EEOC in Mobile, Alabama "presented false claims to [her] job without [her] knowledge and resulted to money exchange, violation, stalking, harassing henderous [sic]

---

[1] This Court previously dismissed a substantially similar complaint filed by Plaintiff, who was proceeding *pro se* and sought to proceed *in forma pauperis,* prior to service of process, on the ground that the EEOC was immune from suit seeking monetary relief. *See Carson v. EEOC,* 1:18-cv-00545-KD-MU. The allegations in the instant complaint apparently arise from the same occurrence set forth in the previous action.

acts." (Doc. 1 at p. 3). She further alleges: "Nothing was never discussed. Need explanation on why I was treated badly and things was stolen on June 2, 2016." (*Id.*). She states that the EEOC sent her a Notice-of-Right-to-Sue letter that was received on December 15, 2016. (*Id.*). Plaintiff's complaint does not describe the relief she seeks - it simply states "other." (*Id.*).

## Legal Conclusions

Plaintiff's complaint fails to state a cognizable claim, even under the liberal construction applied to *pro se* pleadings, over which this Court has jurisdiction. In this case, Plaintiff is suing the EEOC, a federal agency, for what appears to be claims based on slander, fraud, and/or misappropriation of funds or items. The remedy for each of these claims would generally be a claim for monetary relief. It is well established that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940)). Because "there is no evidence in the record that the EEOC waived sovereign immunity," Plaintiff is precluded from bringing suit against the EEOC for monetary damages. *Reeves v. DSI Sec. Serv.,* 331 F. App'x 659, 661 (11th Cir. 2009); *see also Bush v. U.S. Equal Emp't Opportunity Comm'n,* Case No. 6:18-cv-529-Orl-18TBS, 2018 WL 3719317, at *2 (M.D. Fla. Apr. 12, 2018) (dismissing action against the EEOC for its alleged failure to pursue claim against plaintiff's employer on grounds that EEOC is immune from suit for damages); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2011 WL 4527451, at *3 (S.D. Fla. Sept. 28, 2011) (dismissing

claims against EEOC based on its investigation and determination of complaint against plaintiff's employer because "sovereign immunity bars claims against the EEOC").

Even assuming Plaintiff seeks relief other than monetary relief, her claim cannot proceed. Plaintiff has not cited any statute that allows an individual to sue the EEOC in connection with its enforcement of the anti-discrimination laws, and the Court is unaware of any such statute. Although Plaintiff could have potentially sued her employer under Title VII, she cannot sue the EEOC under that statute because Title VII does not confer jurisdiction over lawsuits against the EEOC in its capacity as an enforcement agency. *See* 42 U.S.C. §§ 2000e-5(f)(3), 2000e-6(b), & 2000e-16(c).

To the extent that Plaintiff is attempting to assert a tort claim under the Federal Tort Claims Act ("FTCA"), that claim also fails. A jurisdictional threshold requirement to maintaining a suit under the FTCA is the filing of an administrative claim. *See* 28 U.S.C. § 2675(a); *Dalrymple v. United States*, 460 F.3d 1319, 1324 (11th Cir. 2006). The administrative claim requirements are jurisdictional in nature; therefore, strict adherence is mandatory. *See Burchfield v. United States*, 168 F. 3d 1252, 1254-55 (11th Cir. 1999). Plaintiff has not alleged that she filed an administrative tort claim with the EEOC prior to filing this action. Her failure to comply with the FTCA requirement that she exhaust her available administrative remedies by presenting her claim to the EEOC prior to filing her claim in this Court is fatal to any alleged tort claim asserted here. *See Dalrymple*, 460 F.3d at 1324-25. In addition, any claim under the FTCA also fails because the EEOC is

not the proper party under the FTCA. The United States is the only proper party defendant for tort claims that arise out of the actions of government agencies or employees. *See Bates v. United States Government*, 3 F. Supp. 3d 1311, 1318 (S.D. Ala. 2014). Claims against federal agencies cannot be construed as claims against the United States for purposes of jurisdiction under the FTCA. *Id.* "'[A] claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction.'" *Id*. (quoting *Phillips v. Potter*, Civ. A. No. 07-0894-CG-B, 2008 WL 2476870 (S.D. Ala. June 18, 2008)).

## CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 5) be **GRANTED** and Plaintiff's Complaint (Doc. 1) be **DISMISSED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on Plaintiff in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time

period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **April, 2020**.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**